IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JENNIFER HOFFMAN, et. al, ) | |
| ) | |
| Plaintiffs, ) | Case No. CV07-502-S-EJL |
| ) | |
| vs. ) | ORDER ADOPTING |
| ) | REPORT AND RECOMMENDATION |
| ) | |
| SECURITAS SECURITY SERVICES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

On August 7, 2008, United States Magistrate Larry M. Boyle issued a Report and Recommendation in this matter. Pursuant to 28 U.S.C. § 636(b)(1), the parties had ten days in which to file written objections to the Report and Recommendation. No objections were filed by the parties.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Moreover, this Court "shall make a de novo determination of those portions of the report which objection is made." Id. In United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(10(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the Peretz Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." Peretz, 501 U.S. at 939, 111 S.Ct. 2661 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. See Ciapponi, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); see also Peretz, 501 U.S. at 937-39, 111 S.Ct. 2661 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

See also Wang v. Masaitis, 416 F.3d 993 (9th Cir. 2005). In this case, no objections were filed so the Court need not conduct a de novo determination of the Report and Recommendation.

**THEREFORE, IT IS HEREBY ORDERED** that the Report and Recommendation entered on August 7, 2008 (docket no. 32) shall be **INCORPORATED** by reference and **ADOPTED** in its entirety.

**IT IS THEREFORE ORDERED**:

1. That Plaintiffs' Motion for Conditional Certification and to Approve Notice (docket no. 8) is **GRANTED.**

2. That the parties shall have up to and including September 15, 2008 to work together on drafting a mutually agreeable notice; in the event counsel is unsuccessful, either party may file a motion for resolution of the matter.

3. That Defendant provide to Plaintiffs in electronic format a list of all present and former hourly employees in the State of Idaho employed within the last three years.

DATED: **August 27, 2008**

Honorable Edward J. Lodge
U. S. District Judge